[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14912
Non-Argument Calendar

_____

D. C. Docket No. 07-00754-CV-T-E

ALONZO AUSTIN,

Plaintiff-Appellant,

versus

CITY OF TUSKEGEE, AL,
JOHNNY FORD, Mayor,
ALBERT BULLS, III, Municipal Court Judge,
LESTER PATRICK, Police Chief,
R. KEITH THOMAS, Prosecutor,
in their individual and official capacity,
et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(June 30, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Alonzo Austin, proceeding without the benefit of counsel, appeals the district court's order granting summary judgment on his § 1983 claim that his constitutional rights were violated by an allegedly illegitimate traffic stop and conviction for driving 55 mph in a 45 mph zone. On appeal, Austin argues that there was a "jury question" as to whether he was actually speeding which entitled him to a jury trial and that therefore his conviction and "the $120.00 in fines imposed upon him by the Municipal Court Judge . . . for allegedly speeding" violated his right to due process. Accordingly, Austin asserts that his conviction is invalid and seeks the recovery of the $120.00 fine as damages.

Reviewing this § 1983 claim de novo and viewing the evidence in the light most favorable to Austin, Cruz v. Publix Super Markets, Inc., 428 F.3d 1379, 1382 (11th Cir. 2005), we conclude that it is barred by the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). The Supreme Court held in Heck that

> [T]o recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been reversed

2

on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87. Thus, a plaintiff in a civil suit alleging facts which challenge the fundamental legality of a conviction cannot bring an action under § 1983 without proving that the subject conviction has been invalidated. In this case, a judgment in favor of Austin would necessarily imply the invalidity of his conviction for speeding. See Abusaid v. Hillsborough County Bd. of County Com'rs, 405 F.3d 1298, 1315 (11th Cir. 2005). Hence, Austin's claims are not cognizable under § 1983 because his speeding conviction has not been reversed on direct appeal, expunged, invalidated by a tribunal, or questioned by a writ of habeas corpus.

**AFFIRM**.